UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APS TOWER PAINT CO., INC.,

        Plaintiff,

   v.                                      Case No. 11-C-535

TOWER PAINT & TOOL CENTER, LLC,
and JAMES PRAST,

        Defendants.

## DECISION AND ORDER

Defendant James Prast has moved for dismissal or stay of this action in light of an agreement to arbitrate any disputes between himself and the Plaintiff. To understand the dispute requires some elaboration of the parties' rather convoluted tripartite relationship. Plaintiff APS Tower Paint (APS) filed a complaint against Defendant Tower Paint & Tool Center alleging that the Defendant was unlawfully using the Tower Paint trademark. APS alleges the Defendant purchased the land of the old Tower Paint store in Oshkosh, Wisconsin, and began doing business on that site as Tower Paint, despite the fact that in 2010 APS itself had purchased the goodwill and trademark rights of the previous Tower Paint business from James Prast. APS alleged violations of state and federal trademark law, as well as state law claims of unfair competition and unfair trade practices. Defendant Tower Paint & Tool Center filed an answer and a counterclaim. The counterclaim alleges that Tower Paint & Tool had itself purchased the rights to the Tower Paint name and that the Plaintiff's continued use of the name constitutes unfair competition and a violation of various state and federal trademark laws.

In September, APS brought what it mistakenly calls a cross-claim against Prast. It alleges that, in connection with the purchase agreement it signed with Prast, Prast had agreed to defend and indemnify APS for any claims or actions brought against it in connection with the transfer of the Tower Paint assets. Thus, APS asserts, Prast has an obligation to defend and indemnify it for the counterclaims brought by Tower Paint & Tool.

Prast has filed a motion to dismiss or to stay. He asserts that APS has not brought a valid claim against him and that, even if it did, the parties agreed to arbitrate any such disputes. In particular, as a part of the purchase agreement the parties agreed that "any disputes between the parties" would be submitted to arbitration. (Dkt. # 16, Ex. 1.)

The arbitration question is primary, because if the parties did agree to arbitrate any disputes then the merits of the present dispute are not properly before me. Although Prast signed the agreement on behalf of Tower Paint Company, he is not named as a party to the agreement. Even so, the agreement provides that the agreement is binding upon and shall inure to the benefit of the parties' legal representatives, successors and assigns. The facts that Prast signed the agreement as Tower Paint's representative and is receiving the payments called for under the agreement is sufficient to create more than a mere possibility that he is the legal representative or assign of Tower Paint. Accordingly, I have little difficulty concluding that the complaint states a claim against Prast for breach of the agreement. For the same reasons, Prast may enforce the agreement to arbitrate. (APS does not argue otherwise.)

APS argues, however, that the arbitration cannot encompass the entirety of the parties' three-way dispute because the Defendant, Tower Paint & Tool Center, was not a party to that agreement. That is correct: a party cannot be compelled to arbitrate absent an agreement to do so. But Prast is

not suggesting that the entire case be submitted to arbitration. Instead, he is asserting merely that any claims against *him* be arbitrated. The claim brought against him is limited to the assertion that he is a successor to his former company's agreement to indemnify and defend APS. The question of whether Prast must defend and indemnify APS against the counterclaim is a discrete dispute that may be resolved through arbitration.

Accordingly, the motion to dismiss APS's claim against Prast is denied. The motion to stay the claim so that APS may submit it to arbitration is granted. The balance of the case shall proceed according to the scheduling order previously entered.

**SO ORDERED** this   4th   day of January, 2012.

  s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge