# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

APS TOWER PAINT COMPANY, INC.,

    Plaintiff,

v.                                                            Case No. 11-C-535

TOWER PAINT & TOOL CENTER, LLC,

    Defendant.

## ORDER FOR JUDGMENT AND COMPELLING ARBITRATION

    This matter was tried to a jury on both the claims of Plaintiff APS Tower Paint Company, Inc., (APS) against Defendant Tower Paint & Tool Center, LLC (TPTC), and the counterclaim of TPTC against APS. At the close of evidence, the Court dismissed the counterclaim of Defendant TPTC on motion of APS. APS's claims against TPTC were submitted to the jury. The jury found that APS had established that APS owns the name "Tower Paint" as a valid trademark. The jury went on to find, however, TPTC did not infringe such trademark and, further, that there was no trade name infringement. What remains in the case is the indemnification claim by APS against James Prast, from whom he purchased the trademark. That claim, which is subject to arbitration pursuant to the purchase agreement between APS and Prast, was stayed pending resolution of the claims between APS and TPTC.

    APS now asks that the Court find as a matter of law and based on issue preclusion and res judicata that Tower Paint is a valid trademark. Plaintiff also asks that statutory costs be awarded against TPTC since its counterclaim was dismissed at the close of the evidence and plaintiff

prevailed on at least one question in the Special Verdict. Finally, plaintiff asks that the Court schedule for arbitration the claim of Plaintiff APS against Prast.

The jury's finding that plaintiff established a valid trademark may have preclusive effect in future proceedings. Whether it does or not, however, is not an issue that is presently before the Court. APS is essentially asking the Court for an advisory opinion as to the effect of the jury's finding on TPTC and perhaps other parties. Courts do not give advisory opinions, and the court declines to enter the sort of declaration APS requests. The jury verdict speaks for itself.

As to APS's request for costs, the Court will deny costs to each party. Neither party prevailed on its claims, and where that is the case, it is appropriate to deny costs to both parties. The fact that TPTC's counterclaim was dismissed at the close of evidence and APS's claims were rejected by the jury is of no significance. Costs are denied to each.

As to the claim for indemnification against Prast, the Court had previously stayed that claim pending resolution of this action. The stay is now lifted and the parties are directed to proceed to arbitrate that claim. Although courts often retain jurisdiction of claims that must be arbitrated so as to allow the prevailing party to obtain a judgment confirming the award, I decline to do so here. Having resolved the federal Lanham Act claim and state law claims between APS and TPTC, the only claim that remains is APS's indemnification claim against Prast. That claim arises out of the purchase agreement between them and is thus a state law contract claim. No reason exists to retain jurisdiction and given the general rule encouraging dismissal without prejudice of state law claims that remain after federal claims are resolved, I decline to do so. Accordingly, APS's claim for indemnification will be dismissed without prejudice.

The Clerk is therefore directed to enter judgment based on the Court's ruling at the close of the evidence and the jury's verdict that Plaintiff APS's claims against Defendant TPTC are dismissed as is Defendant TPTC's counterclaim against Plaintiff APS. APS and Prast are ordered to submit APS's claim for indemnification to arbitration, and that claim is also dismissed but without prejudice. Costs are denied to all parties.

**SO ORDERED** this   25th   day of July, 2012.

BY THE COURT:

  s/ William C. Griesbach
William C. Griesbach
U.S. District Judge